IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAYLIN JOHN RIDESATTHEDOOR,<br><br>Defendant. | CR 23-38-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant JAYLIN JOHN RIDESATTHEDOOR (Ridesatthedoor) has been accused of violating conditions of his supervised release. (Docs. 32 and 35). Ridesatthedoor admitted the alleged violations. Ridesatthedoor's supervised release should be revoked. Ridesatthedoor should be sentenced to custody for 5 months on Count 2 and to 5 months on Count 3, with 31 months of supervised release to follow on Count 2 and with 31 months of supervised release to follow on Count 3, with both the custodial terms and the supervised release terms to run concurrently. During the term of his supervised release Ridesatthedoor shall be

placed in a secure in-patient substance abuse treatment facility at the direction of his probation officer. Following substance abuse treatment, Ridesatthedoor shall be placed in a residential re-entry center for a term of up to 180 days at the direction of his probation officer. The Court will recommend such placements be in Rosevelt County.

## II. Status

Ridesatthedoor pled guilty on August 29, 2023, to the offenses of Count 2: Assault With A Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153(a) and Count 3: Assault Resulting In serious Bodily Injury, 18 U.S.C. §§ 113(a)(6), 1153(a) as charged in the Indictment. (Doc.19). Ridesatthedoor was sentenced to custody for a term of 36 months, followed by three (3) years of supervised release on Count 2 and to custody for a term of 36 months, followed by three (3) years of supervised release on Count 3, with both the custodial terms and supervised release terms to run concurrently. (Doc. 28). Ridesatthedoor's current term of supervised release began on December 31, 2025.

**Petition**

On March 31, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Ridesatthedoor' supervised release. (Doc. 32). The Petition alleged Ridesatthedoor violated conditions of his supervised release by: (1) using methamphetamine on March 24, 2026; (2) by failing to reside at his approved

residence between March 25, 2026, and March 30, 2026; (3) by entering Ick's Place in Browning, Montana, where alcohol is the chief item of sale on March 30, 2026; (4) consuming alcohol on March 30, 2026; (5) using methamphetamine on March 29, 2026; and (6) failing to comply with substance abuse testing requirements on March 30, 2026.

**Amended Petition**

On August 24, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke Ridesatthedoor' supervised release. (Doc. 35). The Amended Petition alleged Ridesatthedoor additionally violated conditions of his supervised release by: (7) committing another federal, state or local crime by being sentenced on August 12, 2026, by the Blackfeet Tribal Court for his convictions of the offenses of Assault (D), in violation of Chapter 5, Part II, Section 1 of the Blackfeet Tribal Law and Order and Resisting Arrest in violation of Chapter 5, Part IV, Section 13 of the Blackfeet Tribal Law and Order.

**Initial Appearance**

Ridesatthedoor appeared before the Court on August 26, 2026. Ridesatthedoor was represented by counsel. Ridesatthedoor stated that he had read the Amended Petition and that he understood the allegations against him. Ridesatthedoor waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ridesatthedoor appeared before the Court on August 26, 2026. Ridesatthedoor admitted the allegations set forth in the Amended Petition. Ridesatthedoor's admitted violations, 1-7, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Ridesatthedoor appeared before the Court on August 26, 2026. Ridesatthedoor's violations are Grade C. His criminal history category is I. Ridesatthedoor's underlying offenses, Counts 2 and 3, are each a Class C felony. Ridesatthedoor could be incarcerated for up to 24 months on both Count 2 and Count 3. Ridesatthedoor could be ordered to remain on supervised release for up to 33 months, less any custody time imposed on both Count 2 and Count 3. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Ridesatthedoor's supervised release should be revoked. Ridesatthedoor should be sentenced to custody for 5 months on Count 2, and to 3 months on Count 3, with 31 months of supervised release to follow on Count 2, and with 31 months of supervised release to follow on Count 3, with both the custodial terms and the supervised release terms to run concurrently. During the term of his supervised release, Ridesatthedoor shall be placed in a secure

in-patient substance abuse treatment facility, at the direction of his probation officer. Following substance abuse treatment, Ridesatthedoor shall be placed in a residential re-entry center for a term of up to 180 days at the direction of his probation officer. The Court will recommend such placements be in Rosevelt County. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed Ridesatthedoor that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Ridesatthedoor of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Ridesatthedoor that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

**The Court FINDS**:

That JAYLIN JOHN RIDESATTHEDOOR has violated the conditions of his supervised release by: (1) using methamphetamine on March 24, 2026; (2) by failing to reside at his approved residence between March 25, 2026, and March 30, 2026; (3) by entering Ick's Place in Browning, Montana, where alcohol is the chief item of sale on March 30, 2026; (4) consuming alcohol on March 30, 2026; (5) using methamphetamine on March 29, 2026; (6) failing to comply with substance abuse testing requirements on March 30, 2026; and (7) committing another federal, state or local crime by being sentenced on August 12, 2026, by the Blackfeet Tribal Court for his convictions of the offenses of Assault (D), in violation of Chapter 5, Part II, Section 1

of the Blackfeet Tribal Law and Order and Resisting Arrest in violation of Chapter 5, Part IV, Section 13 of the Blackfeet Tribal Law and Order.

**The Court RECOMMENDS**:

That the District Court revoke Ridesatthedoor's supervised release and sentence Ridesatthedoor to custody for 5 months on Count 2, and to 5 months on Count 3, with 31 months of supervised release to follow on Count 2, and with 31 months of supervised release to follow on Count 3, with both the custodial terms and the supervised release terms to run concurrently. During the term of his supervised release, Ridesatthedoor shall be placed in a secure in-patient substance abuse treatment facility at the direction of his probation officer. Following substance abuse treatment, Ridesatthedoor shall be placed in a residential re-entry center for a term of up to 180 days at the direction of his probation officer. The Court will recommend such placements be in Rosevelt County.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of August 2026.

John Johnston
United States Magistrate Judge